**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **WONDERLAND MONTESSORI ACADEMY, LLC** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 4:26-cv-721** |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY** | § § § § | |
| **Defendant.** | § § | |

**<u>NOTICE OF REMOVAL</u>**

Defendant Philadelphia Indemnity Insurance Company files this Notice of Removal and, in support, respectfully shows the following:

**I.    THE COURT HAS DIVERSITY JURISDICTION**

Wonderland Montessori Academy, LLC filed this lawsuit on May 26, 2026, in Denton County, Texas, against Defendant Philadelphia Indemnity Insurance Company (PIIC), styled as *Wonderland Montessori Academy, LLC v. Philadelphia Indemnity Insurance Company*, cause no. 26-5548-467, in the 467th Judicial District Court, Denton County, Texas. The lawsuit involves a claim for declaratory judgment brought by Plaintiffs against PIIC to establish coverage for alleged defense and indemnity obligations under an insurance policy issued by PIIC. PIIC now removes this action based on diversity jurisdiction because the Parties are diverse, and the amount in controversy exceeds $75,000.

**A.  Wonderland and PIIC are Diverse**

Removal is proper under 28 U.S.C. §1446(a)(1) because there is complete diversity of citizenship between Wonderland and PIIC, the sole Defendant.

Plaintiff Wonderland Montessori Academy, LLC is a limited liability company formed under Texas law whose sole member is Sanjay Joshi. Sanjay Joshi is a natural person who has established domicile in Flower Mound, Texas. Accordingly, Sanjay Joshi is a citizen of Texas. For federal diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-1080 (5th Cir. 2008). Thus, Wonderland Montessori Academy, LLC is a citizen of the state of Texas.

Philadelphia Indemnity Insurance Company is a citizen of Pennsylvania, being an insurance company formed under Pennsylvania law with its principal place of business at Three Bala Plaza East, Suite 400, Bala Cynwyd, Pennsylvania 19004-1403. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding corporations are a citizen of the state in which they are incorporated and in the state in which their principal place of business is located). Based on the foregoing, Plaintiffs and PIIC are completely diverse within the meaning of §1332(a).

**B.  The Amount in Controversy Exceeds $75,000**

This is a civil action subject to the Court's original jurisdiction pursuant to 28 U.S.C. § 1332, which may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

In their Original Petition, Plaintiffs ask the Court to determine its rights and duties under the policy and to establish whether PIIC has a duty to defend and or indemnify the Plaintiff against the claims brought in the underlying lawsuit. Pls.' Original Pet. ¶ 17. The underlying plaintiffs seek monetary relief of $250,000.00 but less than $1,000,000.00 as damages against PIIC. Pls.' Original Pet. ¶ 6. Thus, the amount of indemnification sought by Plaintiffs exceeds $75,000.00 and the amount in controversy requirement is satisfied. *St. Paul Mercury Indem. Co. v. Red Cab*

*Co.*, 303 U.S. 283 (1938) (establishing that courts exercising diversity jurisdiction defer to the plaintiff's pleadings as to the jurisdictional amount so long as they were filed in good faith and the defense cannot show to a legal certainty that the plaintiff cannot recover above $75,000).

## II.   VENUE IS PROPER

Venue is proper in this District and Division under 28 U.S.C. §§124(c)(3), 1441(a), and 1446(a) in that the Eastern District of Texas, Sherman Division encompasses Denton County, Texas, and is "the district and division embracing the place where such action is pending."

## III.   REMOVAL IS TIMELY

This matter was filed on May 26, 2026. PIIC was served on May 28, 2026. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. §1446(b)(1) because it is filed within 30 of the date MUSIC was served with Plaintiffs' Original Petition.

## IV.   THE REMOVAL IS PROCEDURALLY CORRECT

Pursuant to 28 U.S.C. §1446(a), this Court's Rule Local Rule 81, all pleadings, process, orders, and all other filings available in the State Action are attached to this Notice. Attached hereto as Exhibit "A" is the Index of State Court Documents and true and correct copies of pleadings and court filings:

| Ex. A | Index to Notice of Removal |
|-------|----------------------------|
| Ex. A-1 | State court docket sheet |
| Ex. A-2 | Plaintiff's Original Petition |
| Ex. A-3 | Issue Citation |
| Ex. A-4 | Return of Service |

The following documents are also attached in accordance with Local Rule 81.

| Ex. B | A list of all parties as described in L.R. 81(c)(1) and a complete list of all attorneys as described in L.R. 81(c)(3) |
|-------|--------------------------------------------------------------------------------------------------------------------|

The following information is provided in accordance with Local Rules 81(c)(4),(5): Plaintiff has requested a jury trial in this matter. This case has been removed from the 467th Judicial District Court of Denton County, Texas, located at 1450 E. McKinney St., 2d floor, Denton, Texas 76209.

Pursuant to 28 U.S.C. §1446(d), promptly after PIIC files this Notice of Removal, written notice of the filing will be served on Plaintiffs, and a true copy of this Notice of Removal will be filed with the Clerk of the Denton County District Court, the state court from which this action was removed.

## V.    PRAYER

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), and the matter was removed in accordance with section 28 U.S.C. §1446. Accordingly, PIIC respectfully prays that the United States District Court for the Eastern District of Texas, Sherman Division, file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

Respectfully submitted,

/s/ Stephen A. Melendi
Stephen A. Melendi
Texas Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:     214-665-0100
Facsimile:     214-665-0199
**ATTORNEYS FOR DEFENDANT
PHILADELPHIA INDEMNITY INSURANCE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to all counsel of record.

/s/ Stephen A. Melendi
Stephen A. Melendi