**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **WONDERLAND MONTESSORI ACADEMY, LLC** | § § § | |
| **Plaintiff,** | § § § | |
| **v.** | § § § | **Civil Action No. 4:26-cv-721-JDK** |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY** | § § § | |
| **Defendant.** | § § | |

**DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S**
**PARTIAL 12(b)(6) MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Philadelphia Indemnity Insurance Company, files this Partial Motion to Dismiss, and respectfully shows the Court as follows:

## I.    Introduction and Background Facts

This is an insurance coverage lawsuit concerning coverage under commercial package policy number PHPK2266391 that Philadelphia issued to Wonderland for claims asserted in the lawsuit styled *S.B., Individually, Plaintiff v. Wonderland Montessori Academy, LLC; Prashant Bhatt Individually; and Does 1-25*; in the 431st Judicial District Court, Denton County, Case No. 24-10299-431 ("Underlying Lawsuit"). 1st Am. Complaint ¶ 12, ECF No. 5. Wonderland alleges the Underlying Lawsuit contains allegations against Wonderland for "abusive conduct" that triggers Philadelphia's duties to defend and indemnify Wonderland and that Philadelphia improperly denied coverage based on various policy exclusions. *See id* at ¶¶ 12-14. Wonderland brings claims for breach of contract, violations of Chapter 542 of the Texas Insurance Code,

attorneys' fees as well as breach of the common law duty of good faith and fair dealing. *Id.* ¶¶ 19-34.

This Court must dismiss Wonderland's cause of action for breach of the duty of good faith and fair dealing, because it does not apply to third-party insurance claims a matter of Texas law.

## II.     Legal Standard

Philadelphia moves to dismiss Wonderland's extracontractual claim under Rule 12(b)(6). To survive dismissal under Rule 12(b)(6), a pleading subject to Rule 8 "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the pleading contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the allegations. *Hammer v. Equifax Info. Servs., LLC*, 974 F.3d 564, 567 (5th Cir. 2020) (*quoting Twombly*, 550 U.S. at 555) (cleaned up). Here, Wonderland's claim for violation of the common law duty of good faith and fair dealing is not plausible on its face because it does not exist as a matter of Texas law.

## III.    Wonderland's Claim for Breach of the Duty of Good Faith and Fair Dealing Fails as a Matter of Law Because No Such Duty Exists in Third-Party Claims

Wonderland's claim against Philadelphia for breach of the common law duty of good faith and fair dealing must be dismissed because no such duty exists in the third-party context. In Texas, an insurer's duty pursuant to the *Stowers* doctrine is the only common law duty an insurer owes for third-party claims. *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 709 F.3d 515, 521 (5th Cir. 2013). An insurer simply does not owe the duty of good faith and fair dealing for third-party claims. *Id.*; *see also Aldous v. Darwin Nat'l Assurance Co.,* 851 F.3d 473, 484 (5th Cir. 2017) (quoting *Maryland Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27, 27 (Tex. 1996) ("For over twenty years, the law in Texas has been clear that an insurer does not owe its insured a

duty of good faith and fair dealing to investigate and defend claims, by a third-party against its insured.") (cleaned up); *First Cmty. Bancshares v. St. Paul Mercury Ins. Co.*, 593 F. App'x 286, 291 (5th Cir. 2014).

This case unquestionably presents a third-party claim. "A first-party claim is stated when an insured seeks recovery for the insured's own loss, whereas a third-party claim is stated when an insured seeks coverage for injuries to a third party." *Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660, 674-75 (Tex. 2008) (cleaned up). Wonderland seeks coverage under the Philadelphian policy for Wonderland's potential liability to the underlying plaintiff. *See* 1st Am. Complaint at ¶¶ 8-18. Therefore, the Court must dismiss Wonderland's claim for breach of the common law duty of good faith and fair dealing as a matter of law.

## IV.    Conclusion & Prayer

The Court should dismiss Wonderland's claim addressed in this Motion against Philadelphia because, even taking all of the allegations in the First Amended Complaint as true, Wonderland's claim against Philadelphia for breach of the common law duty of good faith and fair dealing is not plausible on its face because it does not exist as a matter of Texas law.

WHEREFORE, Defendant Philadelphia Indemnity Insurance Company prays that the Court grant this Motion and dismiss the claim for breach of the common law duty of good faith and fair dealing, and grant Philadelphia any further relief to which it may be entitled.

Respectfully Submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi – Attorney-in-Charge
State Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636

**DEFENDANT'S PARTIAL 12(b)(6) MOTION TO DISMISS**                                    **PAGE 3**

mattr@tbmmlaw.com
Stephen L. Dobbs
State Bar No. 24105807
stephend@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR DEFENDANT**
**PHILADELPHIA INDEMNITY INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on August 3, 2026, a true and correct copy of the foregoing

pleading was served on all known counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Stephen A. Melendi*
Stephen A. Melendi